## KASPER et al. v. UNION PAC. R. CO.
### Civ. No. 11034.

United States District Court
E. D. Pennsylvania.
May 1, 1951.

David Berger, Philadelphia, Pa., for plaintiffs.

Robert M. Landis, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Plaintiffs have brought suit under the California Death Act, Code Civ.Proc. § 377, for the wrongful death of their son in a grade crossing collision of an Army Air Force bus and a train of the defendant, Union Pacific Railroad Company, at Ontario, California. Defendant moves to transfer the action to the Southern District of California, under Section 1404(a) of the Judical Code, 28 U.S.C.A.

Defendant has also filed a motion to dismiss the complaint on the ground of lack of jurisdiction. In order to protect themselves against the running of the statute of limitations pending the disposition of that motion, the plaintiffs started another action on the same claim in the United States District Court for the Southern District of California. That case has been assigned for a pre-trial hearing in that Court on May 28, 1951, and has been assigned for trial on October 23, 1951. The instant case is not yet at issue.

Affidavits submitted by the defendants establish that there are 21 essential fact witnesses who live in California, of whom 8 are not employed by the defendant; there are 11 corroborating witnesses who live in California, 9 of whom are not employed by the defendant; and, in addition, there are two witnesses, employed by the defendant, who will be necessary at the trial to prove essential documents and photographs. To bring the essential fact witnesses to Philadelphia for a five-day trial would cost, conservatively, almost $6,000; and to bring the other witnesses here would cost another $3,700.

Further, even though defendant should be willing to bring all of these witnesses to Philadelphia for the trial, there is available no legal process whereby it could compel the attendance of nonemployee witnesses. There are no witnesses at all who live in this district. The plaintiffs themselves live in the Middle District of Pennsylvania, about 100 miles from Philadelphia. The dispute is of a local nature, concerning California law, and it may very well prove desirable to afford the jury a view of the grade crossing. All of these facts militate strongly in favor of transferring the case to the California forum, under familiar principles of law. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

The plaintiffs, however, are financially unable to make the trip to California in order to attend a trial there. Certainly, it is not "in the interest of justice" to transfer to a forum out of the reach of an impecunious plaintiff. Cinema Amusements v. Loew's Inc., D.C., 85 F.Supp. 319, 327; see "Observations on Transfers Under Section 1404(a) of the New Judicial Code", by Judge Kaufman, appearing in 10 F.R.D. 595, at page 606. Further, plaintiff has two fact witnesses, both residing in New York, one of whom is physically unable to go to California (or, for all that appears, to come to Philadelphia) and neither of whom is financially able to do so. The plaintiffs themselves were not witnesses to the accident, but are necessary witnesses on the question of damages. It is urged that their right, as parties, to be present at the trial and to confront the jury in person is so substantial a right as to outweigh whatever other equities which may exist in the defendant's favor. The argument is a strong one and ordinarily might prove conclusive. But in this case the plaintiffs have voluntarily chosen the California forum to prosecute the very claim involved in this suit, and the trial date has been set. True, the California suit was started only for protection against the running of the statute of limitations, but it was none the less instituted, and it is to be presumed that it was instituted with

the intention of bringing it to a trial for a final determination if that should prove necessary. It cannot be concluded that the California court is out of the plaintiffs' reach, and the argument that plaintiffs must try their case in Philadelphia if a hearing is to be had loses force, as does the argument containing plaintiffs' fact witnesses. See Christopher v. American News Co., 7 Cir., 176 F.2d 11.

An order may be submitted transferring the action as requested.