**INLAND WATERWAYS CORP. et al.**
**v. DOYLE.**

No. 14553.

United States Court of Appeals
Eighth Circuit.

June 16, 1953.

Leavenworth Colby, Special Asst. to the Atty. Gen. (Holmes Baldridge, Asst. Atty. Gen., and George L. Robertson, U. S. Atty., St. Louis, Mo., were with him on the brief), for appellants.

Douglas MacLeod, St. Louis, Mo., for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

William A. Doyle, in October 1947, was a civil service seaman on the steam towboat "St. Louis," a merchant vessel owned and operated by the Inland Waterways Corporation, a wholly owned instrumental-

ity of the United States. He was injured in the course of his employment on October 7 and 22, 1947, when he fell, due to oil on the soles of his shoes and on the steps of the metal stairs leading from the upper deck of the vessel's engine room to the lower deck. The presence of oil on Doyle's shoe soles and the steps was the result of the engines of the vessel being inadequately enclosed and throwing oil "more or less continuously" on the metal plates of the lower deck of the engine room, whence it was carried on the shoes of the crew to the steps or stairs on which Doyle fell.

Sometime prior to October 30, 1947, the day Doyle left the vessel at St. Louis, Missouri, he signed, at the instance of the Master and in the presence of the boat's Clerk, the customary Bureau of Employees Compensation forms "Employee's Notice of Injury" and "Request for Treatment" for injuries received in line of duty. The Clerk had filled out these papers, and he advised Doyle that, under the Federal Employees' Compensation Act of 1916, 39 Stat. 742, 5 U.S.C.A. § 751 et seq., he could not receive at the same time compensation and accumulated leave pay, and suggested that Doyle wait until his paid leave expired on December 5, 1947, before filing a claim for compensation. Doyle was not informed by anyone that he had any other remedies or rights.

Upon presentation of the "Request for Treatment" form, Doyle received treatment and hospitalization from the United States Public Health Service, as an Employees' Compensation Commission patient.

In December 1947, while at the United States Marine Hospital at Kirkwood, Missouri, Doyle, with the assistance of the United States Health Service personnel, executed Bureau of Employees' Compensation form "Claim for Compensation" covering the period December 6, 1947, to December 22, 1947, and on March 3, 1948, he executed a form "Claim for Continuance of Compensation," with a supporting affidavit.

Doyle received one compensation check from the Bureau. The check was dated May 25, 1948, and was drawn on the Treasurer of the United States in the amount of $65.20, covering the period December 6, 1947, to December 22, 1947. Doyle did not cash the check, but retained it from the time he received it in the latter part of May, 1948, until it was returned by his attorney on December 9, 1948.

Doyle thereafter sued the Inland Waterways Corporation and the United States in admiralty to enforce his alleged rights under the Merchant Marine Act of 1920, known as the Jones Act, 46 U.S.C.A. § 688,[1] and for redress under the Suits in Admiralty Act of 1920, 41 Stat. 525, 46 U.S.C.A. § 741 et seq.[2] His amended libel, filed February 6, 1951, contained two counts. In the first count he asserted his right to damages for actionable negligence of the respondents (appellants). In the second count, in reliance "upon his ancient maritime rights, enforceable against the respondents by virtue of the Suits in Admiralty Act," he asserted his rights to maintenance, care and cure.

The respondents in their answer denied that Doyle could enforce any rights under the Merchant Marine (Jones) Act or could obtain redress under the Suits in Admiralty

1. "§ 688. *Recovery for injury to or death of seaman*
   "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; * * *."

2. § 742. *Libel in personam*
   "In cases where if such vessel [owned or operated by the United States or by a corporation wholly owned by the United States] were privately owned or operated, or if such cargo [owned or possessed by the United States or a corporation wholly owned by the United States] were privately owned and possessed, a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States or against any corporation mentioned * * * as the case may be, provided that such vessel is employed as a merchant vessel or is a tugboat operated by such corporation. * * *"

Act. They asserted that in accepting medical treatment for his injuries, and making claim for and receiving compensation under the Federal Employees' Compensation Act, he had elected to pursue his remedy under that Act and was barred from maintaining an action in admiralty. The respondents also asserted that the award of compensation to Doyle by the United States Employees' Compensation Commission constituted an adjudication of his rights to recover for his injuries. They further alleged that Doyle had no ancient maritime rights enforceable against respondents under the Suits in Admiralty Act.

The case was tried to the court, which found the facts to be substantially as we have stated them. The court determined that Doyle was injured in line of duty as the result of respondents' negligence; that as a seaman injured in the service of his vessel he was entitled under the General Maritime Law to maintenance and cure at the expense of his employer, and that as an American seaman with more than sixty days service on United States vessels he was entitled by statute to the medical treatment he received from the United States Public Health Service, "in addition to, and notwithstanding his eligibility for such treatment as a civil service employee of the United States"; that in this regard he "received nothing by way of 'Compensation' that he was not entitled to get, irrespective of the Compensation Act"; and that, therefore, "and also by virtue of the failure of the respondents to meet their burden of proving that he applied for Compensation under the Act with full understanding of his rights," Doyle had made no binding election to proceed under the Federal Employees' Compensation Act, and was entitled to litigate this suit. The court awarded him $820 as damages under the first count of his libel, and $430 for maintenance and cure under the second count. From the ensuing judgment, the respondents have appealed.

Two questions are presented for review, neither of which is free from doubt. (1) Was Doyle's remedy under the Federal Employees' Compensation Act exclusive?

(2) If not, did he make a binding election to pursue his remedy under the Act?

■ We have no doubt that Doyle was sufficiently an employee of the United States to come within the coverage of the Federal Employees' Compensation Act, although in 1947 the Act did not, as it does now through amendment in 1949, expressly include employees of wholly owned Government instrumentalities. See 63 Stat. 854, 860; 5 U.S.C.A. § 790(b). The amendments of 1949 made the liability of the United States or its instrumentalities under the Federal Employees' Compensation Act exclusive, but contained provisos the effect of which "was not to alter the rights of seamen in any way." Johansen v. United States, 343 U.S. 427, 436, 72 S.Ct. 849, 855, 96 L.Ed. 1051.

The Supreme Court, in Johansen v. United States (together with Mandel, Administrator, v. United States), 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051, held that the exclusive remedy of a civilian employee of the Government who was a member of the crew of a "public vessel" of the Government and who through negligence suffered injury or death in the performance of his duties, was under the Federal Employees' Compensation Act, and that he could not maintain a suit against the Government for damages under the Public Vessels Act of 1925, 43 Stat. 1112, 46 U.S.C.A. § 781 et seq.

■ The respondents contend that the reasons upon which the opinion of the Supreme Court in the Johansen case is based require a ruling that the exclusive remedy of a civilian member of the crew of a "merchant vessel" of the United States who is injured in the course of his employment, due to negligence of the Government, is under the Federal Employees' Compensation Act, and that he is precluded from maintaining an action under the Suits in Admiralty Act.

In the Johansen case, the Supreme Court said on page 439 of 343 U.S., on page 857 of 72 S.Ct.:

"The Federal Employees Compensation Act, 5 U.S.C. § 751 et seq., 5 U.S.

C.A. § 751 et seq., was enacted to provide for injuries to Government employees in the performance of their duties. It covers all employees. Enacted in 1916, it gave the first and exclusive right to Government employees for compensation, in any form, from the United States. It was a legislative breach in the wall of sovereign immunity to damage claims and it brought to Government employees the benefits of the socially desirable rule that society should share with the injured employee the costs of accidents incurred in the course of employment. Its benefits have been expanded over the years. See 5 U.S.C. (Supp. III) § 751 et seq., 5 U.S.C.A. § 751 et seq. Such a comprehensive plan for waiver of sovereign immunity, in the absence of specific exceptions, would naturally be regarded as exclusive."

The court pointed out that the Government, as the operator of its own public vessels, had established by the Compensation Act a method of redress for employees, and said, "There is no reason to have two systems of redress." Page 439 of 343 U.S., page 856 of 72 S.Ct. The court disapproved the decision in United States v. Marine, 4 Cir., 155 F.2d 456, which allowed recovery to a civilian employee of the Government [not a member of the crew of the merchant vessel involved] under the Suits in Admiralty Act, and the decision in Johnson v. United States, 4 Cir., 186 F.2d 120, which allowed recovery to a civilian seaman on a public vessel of the United States, under the Public Vessels Act. Page 439 of 343 U.S., page 856 of 72 S.Ct.

What we have said thus far of the opinion in the Johansen case would seem to indicate that the remedy of a civilian seaman employed by the Government on any of its vessels, whether "public" or "merchant," is exclusively that provided by the Federal Employees' Compensation Act. There are, however, a number of statements in the opinion which indicate that the Supreme Court thought that the rights and remedies of such seamen depended upon whether the vessel upon which they were employed was a "public vessel" or a "merchant vessel." Thus, on pages 428 and 429 of 343 U.S., on page 851 of 72 S.Ct. the court said:

"Petitioner Johansen, in No. 401, and petitioner Mandel's decedent, in No. 414, were at the time of their injuries employed as civilian members of the crews of Army Transport vessels, owned and operated by the United States. For purposes of this review it is clear that these vessels were at that time being used as 'public vessels,' not 'merchant vessels,' and that therefore petitioners have no remedy by way of a suit for damages under the Suits in Admiralty Act of 1920, 41 Stat. 525, 46 U.S.C. § 742, 46 U.S.C.A. § 742."

See, also, footnote on page 429 of 343 U.S., on page 851 of 72 S.Ct., approving the remand of the Mandel case for the purpose of ascertaining whether the vessel in suit was a "merchant vessel." On page 432 of 343 U.S., on page 853 of 72 S.Ct., the court said that the Shipping Act of 1916, 39 Stat. 728, 46 U.S.C.A. § 801 et seq., gave a remedy for damages for personal injuries to merchant seamen on ships in which the Government had an interest, but not to public-vessel seamen. On page 433 of 343 U.S., on page 854 of 72 S.Ct. the following statement appears:

"In 1920, the Suits in Admiralty Act, 41 Stat. 525, 46 U.S.C. § 742, 46 U.S. C.A. § 742, gave a broad remedy to seamen on United States merchant vessels but did not extend these benefits to seamen on public vessels. An extension of this nature was proposed, but defeated. See Canadian Aviator, Ltd. v. United States, 324 U.S. 215, 220–221, 65 S.Ct. 639, 642–643, 89 L.Ed. 901."

After stating that the Public Vessels Act of 1925 simply provided that a libel might be brought against the United States for damages caused by one of its public vessels, and that in 1943, by the Clarification Act, 57 Stat. 45, 50 U.S.C.A. Appendix, § 1291, effect was given to a congressional purpose to treat seamen employed through the War Shipping Administration as "merchant seamen," not as "public-vessel sea-

men", the Supreme Court said, on pages 434–435 of 343 U.S., on page 854 of 72 S.Ct.:

"This was the situation prior to the 1949 amendments to the Federal Employees Compensation Act. *Merchant seamen*, other than those employed by the War Shipping Administration, *on ships owned by the United States* had a right to libel the United States pursuant to the Suits in Admiralty Act of 1920, but whether they were entitled to the benefits of the Compensation Act was doubtful. See Comptroller General's Decision A–31684, Sept. 10, 1930; 34 Op.Atty.Gen. 363; Johnson v. United States Shipping Board Emergency Fleet Corp., 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451. Seamen employed through the War Shipping Administration were by the Clarification Act to be treated as merchant seamen, whether they were serving on merchant vessels or public vessels. As public-vessel seamen injured other than in the course of duty are not covered by the Compensation Act they would presumably have had the same rights to recovery as the public generally under the Public Vessels Act. Public-vessel seamen injured in the course of duty were entitled to all the benefits of the Federal Employees Compensation Act. The issue in this case is whether this last group of Government-employed seamen is eligible under both schemes of recovery." [Italics supplied.]

In conclusion the Supreme Court said, on page 441 of 343 U.S., on page 857 of 72 S.Ct.:

"All in all we are convinced that the Federal Employees Compensation Act is the exclusive remedy for civilian seamen on public vessels. As the Government has created a comprehensive system to award payments for injuries, it should not be held to have made exceptions to that system without specific legislation to that effect."

Four of the Justices dissented in the Johansen case, and it seems reasonably apparent that the Justices who joined in the majority opinion were of the view that civilian seamen on a merchant vessel owned by the United States were not precluded by the Federal Employees' Compensation Act from electing to sue under the Suits in Admiralty Act for personal injuries received in the line of duty as the result of negligence.

We have no hesitation in saying that we can conceive of no sound reason for making a distinction with respect to remedies between civilian seamen employed by the United States on its "public vessels" and those employed on its "merchant vessels." See Mandel v. United States, D.C.E.D.Pa., 74 F.Supp. 754. We think that the remedy provided by the Federal Employees' Compensation Act should be exclusive. Our sole concern, however, is with what the law is and not with what it should be.

We are of the opinion that the Johansen case does not demonstrate that the District Court erred in holding that Doyle could maintain this action under the Suits in Admiralty Act, and, on the other hand, persuasively indicates that the District Court was right in that regard.

Did Doyle make a binding election to pursue his remedy under the Federal Employees' Compensation Act? He received hospitalization, medical care and treatment as an Employees' Compensation Commission patient. He applied for and was awarded compensation and received a compensation check, which he retained for several months and then returned through his attorney. Doyle knew the facts of his case, but did not know that he had a choice of remedies and that he could bring a personal injury action under the Suits in Admiralty Act. It is not claimed that he was misled into initially believing that his exclusive remedy was under the Federal Employees' Compensation Act. The Master of the vessel, the boat's Clerk, the personnel of the Public Health Service, and Doyle himself could hardly be expected to know that he had more than the one remedy, a question of law which is still not definitely settled.

In Hines v. Dahn, 8 Cir., 267 F. 105, affirmed in Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696, this Court held that

a railway mail clerk, injured in a railroad wreck while the railroad was under federal control, was barred from suing the United States Director General under the Federal Control Act of 1918, 40 Stat. 451, because he had previously elected to receive compensation under the Federal Employees' Compensation Act. In that case, after pointing out that the employee had an election of remedies, this Court said, on page 114 of 267 F.:

"* * *˙ But if the employe elects to receive the benefits of the Compensation Act and his claim is allowed, then he is barred from prosecuting his action for negligence against the United States. In other words, he must elect which of the two remedies he desires to pursue, and, having elected to pursue one, he may not pursue the other. The United States under the statute being bound to pay the plaintiff after the latter has elected to claim the benefits of the Compensation Act, the remedy afforded by the act is exclusive."

But in the Dahn case it was taken for granted by this Court that Dahn, before commencing his action, had applied for and accepted the benefits of the Compensation Act. See page 107 of 267 F.

In Robb v. Vos, 155 U.S. 13, 43, 15 S.Ct. 4, 14, 39 L.Ed. 52, the Supreme Court, after reviewing authorities dealing with the doctrine of election of remedies, said: "The rule established by these cases is that any decisive act by a party, *with knowledge of his rights* and of the facts, determines his election in the case of inconsistent remedies, * * *." [Italics supplied.] The rule was similarly stated in United States v. Oregon Lumber Co., 260 U.S. 290, 295, 43 S.Ct. 100, 67 L.Ed. 261.

We note that Mr. Justice Brandeis, in his dissenting opinion in the Oregon Lumber Co. case, said of the doctrine of elec-

tion of remedies the following, on page 304 of 260 U.S., on page 104 of 43 S.Ct.:

"The doctrine of election of remedies is not a rule of substantive law. It is a rule of procedure or judicial administration. It is technical, and, as applied in some jurisdictions, has often sacrificed substantial right to supposed legal consistency. The doctrine has often been invoked in this court, but never before successfully. Its existence has been recognized; but in every case in which the question presented was actually one of election of remedies, this court held that the doctrine did not apply, giving as a reason that one or the other of its essential elements was absent. These essentials are that the party must have actually had two remedies and that the remedy in question must be inconsistent with the other previously invoked. Here neither of these essential elements was present."

■ It seems apparent that the doctrine of election of remedies has elements of both waiver and estoppel. One who knows that he has two inconsistent remedies may not voluntarily pursue one without waiving his right to pursue the other. And, no doubt, where a party's pursuit of one remedy has resulted in injury to the person against whom the remedy is sought, the alternative remedy will cease to be available, because of the inequity involved.

■ In the instant case, neither the United States nor the Inland Waterways Corporation has suffered any substantial prejudice from Doyle's initial request for the benefits of the Federal Employees' Compensation Act, and it reasonably cannot be held that he voluntarily relinquished a right or remedy which he did not, at the time, know existed.

The judgment appealed from is affirmed.