James S. **PATTERSON**, General Administrator for Mobile County, Alabama, as Administrator of the Estate of Edgar A. Doody, Jr., deceased, Libelant,

v.

**UNITED STATES** of America, Respondent.

United States District Court
S. D. New York.

Feb. 2, 1955.

Jacob Rassner, New York City, for libelant. Harvey Goldstein, New York City, of counsel.

J. Edward Lumbard, U. S. Atty., New York City, for respondent. Leavenworth Colby, Sp. Asst. to the Atty. Gen., Benjamin H. Berman, Atty., Dept. of Justice, Washington, D. C., of counsel.

DIMOCK, District Judge.

Libelant, as administrator of the estate of Edgar A. Doody, Jr., deceased, sues in admiralty under the Suits in Admiralty Act as amended and supplemented, 46 U.S.C. § 741 et seq., to recover damages for the intestate's death. It is alleged that he was employed on board the government owned vessel S. S. Hanging Rock and that his death resulted from the negligence and unseaworthiness of the ship.

The Government has filed exceptive allegations raising the point that libelant has a remedy under the Federal Employees' Compensation Act, as amended, 5 U.S.C. § 751 et seq., and that that remedy is exclusive.

The parties agree that the S. S. Hanging Rock was owned and operated by the Government through the War Shipping Administration. This might be significant as indicating that the decedent had no remedy under the Federal Employees' Compensation Act since the Clarification Act, 50 U.S.C.App. § 1291, provides that members of crews employed on vessels "as employees of the United States through the War Shipping Administration" shall "not be considered as officers or employees of the United States for the purposes of the United States Employees' Compensation Act, as amended". Nowhere, however, is there any indication that libelant's intestate was employed by the Government through the War Ship-

ping Administration. Indeed the Government alleges in its exceptive allegations without contradiction that decedent was a civil service employee of the United States through the mechanical division of the Panama Canal, an unincorporated agency of the United States. Since it is thus not even contended that decedent was employed through the War Shipping Administration it cannot be said that he is by the terms of the Clarification Act excluded from the benefits of the Federal Employees' Compensation Act. I therefore agree with the Government that libelant has a remedy under the Federal Employees' Compensation Act.

As authority on its position that the remedy is exclusive, the Government cites Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051, where suit was brought for personal injuries under the Public Vessels Act, 46 U.S.C. § 781 et seq., and the Supreme Court held the Federal Employees' Compensation Act exclusive. The Public Vessels Act provides that a libel in personam may be brought against the United States for damages caused by "a public vessel of the United States", 46 U.S.C. § 781. The Suits in Admiralty Act provides that in cases where a proceeding in admiralty could be brought against a vessel owned by the United States if the vessel had been privately owned a libel in personam may be brought against the United States provided that such vessel is employed as "a merchant vessel", 46 U.S.C. § 742.

Libelant points to a statement in the exceptive allegations that the Hanging Rock was a merchant vessel. If that is so, but for any exclusive effect of the Federal Employees' Compensation Act, libelant's rights would be governed by the Suits in Admiralty Act, Geo. W. Rogers Const. Corp. v. United States, D.C.S.D. N.Y., 118 F.Supp. 927, 934. Libelant thus attempts to distinguish Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, supra, where the libelant's rights, but for the exclusive effect of the Federal Employees' Compensation Act,

would have been governed by the Public Vessels Act. In this attempt libelant is supported by Inland Waterways Corporation v. Doyle, 8 Cir., 204 F.2d 874, which held that the remedy under the Federal Employees' Compensation Act was not exclusive of a remedy under the Suits in Admiralty Act.

The court in the Inland Waterways case admitted, 204 F.2d at page 878, that it could "conceive of no sound reason for making a distinction with respect to remedies between civilian seamen employed by the United States on its 'public vessels' and those employed on its 'merchant vessels' ". Nevertheless the court felt that the opinion in the Johansen case indicated that the remedy under the Federal Employees' Compensation Act was not exclusive of the remedy under the Suits in Admiralty Act.

Libelant has not suggested any sound reason for making a distinction with respect to remedies on the one hand available under the Public Vessels Act because public vessels are involved and on the other hand available under the Suits in Admiralty Act involving merchant vessels. I therefore agree with the Inland Waterways opinion that there is no sound reason for such a distinction. I disagree, however, with the Eighth Circuit's interpretation of the Johansen opinion as holding that the remedy under the Federal Employees' Compensation Act was not exclusive of the remedy under the Suits in Admiralty Act. Indeed, while the Supreme Court ostensibly refused to pass upon that question, 343 U. S. at page 429, note 1, 72 S.Ct. 849, other language in the opinion indicates that it viewed the Federal Employees' Compensation Act remedy as exclusive of that under the Suits in Admiralty Act. On page 439, of 343 U.S., on page 856 of 72 S.Ct., the court said, "See also United States v. Marine, 4 Cir., 155 F.2d 456, a case allowing recovery to a civilian employee of the Government under the Suits in Admiralty Act, and Johnson v. United States, 4 Cir., 186 F.2d 120, which allowed a recovery under the Public Vessels Act to a civilian seaman on a public vessel. The opinions below in the cases we are considering take the opposite and we think, the better view."

While all might not agree with the Supreme Court that the lower courts in the Johansen case had expressed a view on the question of the exclusiveness of the Federal Employees' Compensation Act remedy with reference to the Suits in Admiralty Act remedy, no one after reading the above quoted language can gainsay that the Supreme Court said that it regarded the denial of recovery under the Suits in Admiralty Act as the better view.

The same considerations apply whether the ship is a public ship or a merchant ship and I hold that the remedy under the Federal Employees' Compensation Act is exclusive of the remedy under the Suits in Admiralty Act.

The exceptive allegations are sustained and the libel dismissed.