Leonard Lester **SULLIVAN**, Libelant,

v.

**UNITED STATES of America,**
**Respondent.**

United States District Court
S. D. New York.
April 15, 1955.

———◆———

Jacob Rassner, New York City, for libelant, Harvey Goldstein, New York City, of counsel.

J. Edward Lumbard, U. S. Atty., New York City, for respondent appearing specially, Leavenworth Colby, Sp. Asst. to Atty. Gen., Benjamin H. Berman, Atty., Dept. of Justice, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Libelant sues in admiralty for damages for personal injuries allegedly based upon negligence and unseaworthiness and for maintenance and cure. He was employed as a seaman by the United States, through the Inland Waterways Corporation, a wholly owned instrumentality of the United States. The accident took place aboard the Illinois, a ship which was owned, manned and operated by the Inland Waterways Corporation and was employed as a merchant vessel.

The exceptive allegations now before the Court squarely raise the issue whether libelant's remedy under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., bars this suit under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq.

This Court does not write upon a clean slate. In Johansen v. United States, 1952, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051, the Supreme Court held that a civilian seaman employee of the United States injured on a "public vessel" was barred from suing the Government under the Public Vessels Act, 46 U.S.C.A. § 781 et seq., because his sole and exclusive remedy was under the Federal Employees' Compensation Act. On the precise issue presented in this case, the Eighth Circuit, in Inland Waterways Corp. v. Doyle, 1953, 204 F.2d 874, held that a civilian seaman employee of the United States injured on a "merchant vessel" could sue under the Suits in Admiralty Act, the Compensation Act being merely an alternative remedy. This holding was expressly followed in Cowan v. Inland Waterways Corp., D.C.E.D.Ill. 1954, 121 F.Supp. 683. Judge Dimock of this District in Patterson v. United States, D.C.1955, 129 F.Supp. 794, held contra to Doyle and Cowan.

The Eighth Circuit felt impelled to its conclusion by certain language in the Johansen case. Although the Court of Appeals found some language in Johansen which supported the view that the Compensation Act was a bar to a remedy under the Suits in Admiralty Act, it was convinced that other language in Johansen dictated its contrary holding. It was with reluctance that the Eighth Circuit held as it did, for the Court said:

"We have no hesitation in saying that we can conceive of no sound reason for making a distinction with respect to remedies between civilian seamen employed by the United States on its 'public vessels' and those employed on its 'merchant vessels'. * * * We think that the remedy provided by the Federal Employees' Compensation Act should be exclusive. Our sole concern, however, is with what the law is and not with what it should be." 204 F.2d at page 878.

Actually, in Johansen, Justice Reed stated that the Court would review and hold on only the "public vessel" issue, leaving open the "merchant vessel" question.[1] The language in the opinion cuts both ways on the instant question and renders it ambiguous or, at least, "leaves the issue open."[2]

---

1. 343 U.S. at page 429, note 1, 72 S.Ct. at page 851: "Since petitioner does not specify the second holding [below] as error, we review only the first * * *." The first holding below left open the "merchant vessel" issue; the second holding related to a "public vessel".

2. There is no need to quote the conflicting language in Johansen. The Eighth Circuit in Doyle devoted two pages of its opinion to this task. Suffice to say that the consistent language dichotomy between "merchant seamen" and "public vessel seamen" present in Johansen convinced the Doyle Court that an operative distinction was being made by the Supreme Court. However, the issue here is whether those "merchant seamen" who are also employees of the United States are to be treated on a parity with "public vessel" seamen who are always employees of the United States or on a parity with those "merchant seamen" who are not Government employees. The dichotomy employed in Johansen does not appear to be aimed at the tri-partite classification involved in the instant case.

The language of both the Public Vessels Act and the Suits in Admiralty Act *prima facie* would seem to authorize suit by a seaman-employee of the United States. The language and legislative purpose of both Acts are similar. The Suits in Admiralty Act, passed in 1920, waived the Government's sovereign immunity with respect to merchant vessels. In 1925 the Government extended its waiver, in the Public Vessels Act, to all of its vessels by including public vessels within the sphere of liability.

I can discern no rational basis for granting an election of remedies to a civilian employee of the United States aboard a merchant vessel when his counterpart aboard a public vessel is denied such an election.[3]

The exceptive allegations are sustained and the libel dismissed. So ordered.

3. The only basis upon which a distinction of some substance could be drawn would be predicated upon the approach the Supreme Court in Johansen took: exclusivity of the Compensation Act is to be presumed [because a comprehensive compensation plan is a "socially desirable rule", 343 U.S. at page 439, 72 S.Ct. at page 857], to have been the intent of Congress unless a later remedial statute, which appears only generally to grant a right to federal employees already covered by the Compensation Act, specifically provides an election. It was clear at the time the Public Vessels Act was passed in 1925, which appeared generally to cover public-vessel seamen, that such seamen had already been given a remedy under the 1916 Compensation Act. On the other hand, at the time of the passage of the Suits in Admiralty Act in 1920, which appeared generally to grant a right to all merchant seamen, it was not clear whether any or all of such seamen were covered by the Compensation Act because of the many and varied methods employed by the United States in the operation of such merchant vessels. Some vessels were directly chartered to private operators by the United States, others were privately operated under charter from an incorporated or unincorporated instrumentality of the United States and others were operated by private agencies for one of the instrumentalities. In some instances the private entity paid the seamen; in other cases the United States or one of its instrumentalities paid the seamen directly or indirectly through its private agent. See Robinson on Admiralty, p. 248. Again, many of the charters varied as to the extent of governmental supervision over the seamen. As a result, it was often difficult to determine whether a particular merchant seaman was an "employee of the United States" under the 1916 Act, 39 Stat. 750; 39 Stat. 742. See Johansen, 343 U.S. at pages 434–435, 72 S.Ct. at page 854. "Merchant seamen * * * had a right to libel the United States pursuant to the Suits in Admiralty Act of 1920, *but whether they were entitled to the benefits of the Compensation Act was doubtful*", citing Comptroller General's Decision A–31684, Sept. 10, 1930; 34 Op.Atty. Gen. 363; Johnson v. U. S. Shipping Board Emergency Fleet Corp., 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451. It may reasonably be concluded, *if this approach is accepted*, that if Congress itself at the time the Suits in Admiralty Act was passed in 1920 (as well as the courts) was unsure of the extent to which the various classes of merchant seamen were already covered by the 1916 Compensation Act, then it cannot be presumed that it intended the Compensation Act to be exclusive. [The Compensation Act was subsequently amended to include for the first time or to reaffirm the past coverage of "employees of instrumentalities of the United States wholly owned by the United States." 5 U.S.C.A. § 790.] However, this essentially historical approach is entirely unworkable if the Suits in Admiralty Act is to be placed "into the entire statutory system of remedies against the Government to make a workable, consistent and equitable whole.'" Feres v. United States, 1950, 340 U.S. 135, 139, 71 S.Ct. 153, 95 L.Ed. 152, cited in Johansen, 343 U.S. at page 432, 72 S.Ct. at page 853. In each instance, the courts would be called upon to determine whether, under the law as it existed in 1920, Congress (or the courts) considered a merchant seaman in plaintiff's position, in terms of the Government's relationship to him, to have been already covered by the 1916 Compensation Act.