Elmer C. SCOTT, Plaintiff,

v.

**PANAMA CANAL COMPANY,**
Defendant.

United States District Court
S. D. New York.

Nov. 5, 1958.

Sheldon Tabak, New York City, for plaintiff.

Arthur H. Christy, U. S. Atty., New York City, for defendant, Benjamin H. Berman, Atty. in Charge, New York Office, Admiralty and Shipping Section, Dept. of Justice, New York City, of counsel.

McGOHEY, District Judge.

Memorandum and Order

At the opening of the trial of this cause, the defendant moved to dismiss on the ground that the Court lacks jurisdiction of the subject matter. Argument was heard and time was granted to submit briefs which have been received.

The plaintiff, a seaman, seeks damages and maintenance and cure for an injury to one of his fingers, while he was serving on the defendant's merchant vessel the SS Cristobal on September 24, 1952. The complaint alleges jurisdiction of the parties and subject matter under the Jones Act.[1] At the time of the injury and for several years before, the defendant was "an agency and instrumentality of the United States," having become such by Act of June 29, 1948.[2] The plaintiff was not employed through the War Shipping Administration. Accordingly, he was not covered by the "Clarification Act."[3] At the time of his injury, therefore, the plaintiff was a civil employee of the United States, whose exclusive remedy is that provided by the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq.[4]

The motion is granted and it is

So ordered.

1. 46 U.S.C.A. § 688.

2. 62 Stat. 1075, and Act of Sept. 26, 1950, 64 Stat. 1038.

3. 50 U.S.C.A.Appendix, § 1291.

4. Johansen v. United States, 1952, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051; Patterson v. United States, Sullivan v. United States, Hays v. United States, Duncan v. United States, 2 Cir., 1958, 258 F.2d 702.