258 F.2d 702
 James S. PATTERSON, as Administrator, Appellant,
v.
UNITED STATES, Appellee.
Leonard Lester SULLIVAN, Appellant,
v.
UNITED STATES, Appellee.
Melvin A. HAYS, Appellant,
v.
UNITED STATES, Appellee.
Sterling Eugene DUNCAN, Appellant,
v.
UNITED STATES, Appellee.
 Nos. 302, 303, 305, 306, Dockets 23668, 23669, 23854, 23855.
 United States Court of Appeals Second Circuit.
 Argued May 16, 1958.
Decided July 11, 1958, Certiorari Granted Nov. 24, 1958, See
79 S.Ct. 223.
 
 Jacob Rassner and Irwin Asofsy, New York City, for appellants.
 Leavenworth Colby, Chief, Admiralty & Shipping Section Dept. of Justice, Washington, D.C., George Cochran Doub, Asst. Atty. Gen., Paul W. Williams, U.S. Atty., New York City, Benjamin H. Berman, Atty. in Charge, New York Office, Admiralty & Shipping Section, Dept. of Justice, New York City, for United States.
 Before HAND, HINCKS and MOORE, Circuit Judges.
 HAND, Circuit Judge.
 
 
 1
 These four decrees, entered by Dimock, J., Kaufman, J., Palmieri, J., and Bicks, J., in the order in which the titles are arranged herein, dismissed libels in personam to recover for injuries suffered by civil employees of the United States, upon ships, owned and operated by the United States. Patterson is the administrator of one, Doody, who was killed while employed as a machinist on a ship owned and operated by the War Shipping Administration although he was not employed 'through' that Administration, and was not therefore covered by the 'Clarification Act' of 1943 (50 U.S.C.A.Appendix, 1291). It is to be assumed that Doody met his death because of the unseaworthiness of the ship, or the negligence of those in charge of her, and that his administrator could recover, if the claim arose under the Suits in Admiralty Act (46 U.S.C.A. 741). Sullivan, Hays and Duncan were all civil service seamen, employed as such upon 'merchant vessels,' publicly owned and operated ships of the United States. They too sued for injuries suffered under circumstances that would have entitled them to a recovery, had they been individually employed 'through' the War Shipping Administration. All were entitled to compensation under the Federal Employees' Compensation Act (5 U.S.C.A. 751 et seq.) and the question in all the suits is whether that was their exclusive remedy, or whether the Suits in Admiralty Act (46 U.S.C.A. 741 et seq.) was also open to them.
 
 
 2
 In Johansen v. United States, 343 U.S. 427, 72 S.Ct 849, 96 L.Ed. 1051, the Supreme Court held that a person injured on board a 'Public Vessel' owned and operated by the United States might not recover under the Public Vessels Act (46 U.S.C.A. 781 et seq.), his only recourse being under the Federal Employees' Compensation Act. The only question before us is therefore whether the same reasoning applies to suits under the Suits in Admiralty Act. In Johansen's case the vessel was a troop transport, and could not be regarded as in any sense a 'merchant vessel'; in the case at bar the opposite was true, as we have already said. Save for one consideration that we shall mention in a moment, it might be hard to understand why the language of the Suits in Admiralty Act should not apply: 'In cases where if such vessel were * * * privately owned and possessed, * * * a libel in personam may be brought * * * provided that such vessel is employed as a merchant vessel.' (46 U.S.C.A. 742.) Indeed such a conclusion would be reinforced by the preceding section (741) that forbids the creation of maritime liens on 'merchant vessels' of the United States such as would arise if the 'merchant vessel' were privately owned. On the other hand, if the proper purport of 742 was generally to assimilate claims against the United States for injuries arising on its 'merchant vessels' to those arising in the case of privately owned ships, the 'Clarification Act' of 1943 was unnecessary which limited the same relief to 'seamen' 'employed on United States * * * vessels * * * through the War Shipping Administration.' The Fourth Circuit in United States v. Marine, 155 F.2d 456, had held that the Suits in Admiralty Act did apply, although the libellant was not employed 'through the War Shipping Administration'; and, as a new question, it might have been held that the grant of a claim by the Clarification Act of 1943 did not inevitably presuppose that such claims had not been already covered by the Suits in Admiralty Act. However, the Supreme Court in Johansen v. United States, supra (343 U.S. at page 439, 72 S.Ct. at page 856), specifically declared that United States v. Marine, supra, was not rightly decided and made no distinction between it and a libel under the 'Public Vessels Act.' Moreover, the Eighth Circuit in Inland Waterways Corporation v. Doyle, 204 F.2d 874, at page 878, although it did distinguish between 'public vessels' and 'merchant vessels,' declared: 'We have no hesitation in saying that we can conceive of no sound reason for making a distinction with respect to remedies between civilian seamen employed by the United States on its 'public vessels." It appears not to have observed the disapproval of United States v. Marine, supra, 155 F.2d 456 that we have just mentioned. We feel bound to hold that the Court did not mean to recognize any such distinction which we too think is not 'sound.' As res integra, there was indeed more reason for reading broadly the 'Public Vessels Act' (46 U.S.C.A. 781) than the 'Suits in Admiralty Act' (46 U.S.C.A. 742) because the 'Public Vessels Act,' is not subject to the implication arising from the express grant of relief to employees of the War Shipping Board, that is relevant in the interpretation of the 'Suits in Admiralty Act.'
 
 
 3
 As for the Clarification Act of 1949 (63 St.L. 854), it is altogether clear that the subsection b of 201 and 305(b), 5 U.S.C.A. 757, 791-4(b) were not intended to do more than leave untouched the rights of seamen as they already were (Johansen v. United States, supra, 343 U.S. at pages 436-438, 72 S.Ct. at pages 855-856).
 
 
 4
 The decrees are affirmed.