John William MILLS, Plaintiff-Appellant,

v.

PANAMA CANAL COMPANY, Defendant-Appellee.

No. 98, Docket 25681.

United States Court of Appeals Second Circuit.

Argued Oct. 14, 1959.

Decided Nov. 16, 1959.

**38**

Jacob Rassner, New York City (Gilbert Adler, New York City, on the brief), for plaintiff-appellant.

Leavenworth Colby, Attorney, Department of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., S. Hazard Gillespie, Jr., U. S. Atty., Southern District of New York, New York City, Samuel D. Slade, Attorney, Department of Justice, Washington, D. C., Benjamin H. Berman, Attorney, Department of Justice, New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and SMITH, District Judge.

LEONARD P. MOORE, Circuit Judge.

Plaintiff, a seaman, employed by defendant, brought this action to recover damages for injuries allegedly sustained at the port of Colon, Panama, while performing his duties on the SS Cristobal, a vessel owned and operated by defendant. He claims a right to maintain the action under the provisions of the Merchant Marine Act, commonly referred to as the Jones Act (46 U.S.C.A. § 688). Defendant amongst other defenses alleged that the court lacked jurisdiction over defendant and the subject matter of the action because "at the time of the alleged injury, plaintiff was an employee of the Panama Canal Company, a Government corporation, and that by reason thereof plaintiff's sole and exclusive remedy lies under the Federal Employees' Compensation Act, as amended, 5 U.S.C. [A.] § 751 et seq." On this ground defendant moved to dismiss the complaint. The court granted the motion. From the judgment of dismissal, plaintiff appeals.

Defendant, Panama Canal Company, is a corporation the stock of which is wholly owned by the United States, the Secretary of the Army being designated as the sole stockholder. Panama Railroad Company (name changed to Panama Canal Company, Act of September 26, 1950, 64 Stat. 1038) was incorporated under federal charter (Act of June 29, 1948, 62 Stat. 1075).[1] It is the governmental agency through which the United States carries on the functions necessary for the operation and maintenance of the Panama Canal[2]—one of these functions is the ownership and operation of the SS Cristobal.

The primary question on appeal is whether plaintiff who as an employee of a governmental agency enjoys the benefits of the Federal Employees' Compensation Act (FECA) may also sue defendant under the Jones Act.

When the FECA was enacted in 1916 it specifically provided that the term "employee" should include "employees of the United States and of the Panama Railroad Company." The amendment of 1949 (63 Stat. 854 et seq.) defined "employee" as embracing "employees of instrumentalities of the United States wholly owned by the United States."

Recently the Supreme Court granted certiorari (358 U.S. 898, 79 S.Ct. 223, 3 L.Ed.2d 148) to resolve a conflict between this circuit and the Eighth Circuit

1. A predecessor corporation had existed since 1849. The United States acquired all the capital stock during the period of construction of the Canal.

2. For a more extensive statement of the activities of the Panama Railroad [Canal] Company and its governmental character, see People of State of New York ex rel. Rogers v. Graves, 1937, 299 U.S. 401, 57 S.Ct. 269, 81 L.Ed. 306; Panama Canal Co. v. Grace Line, Inc., 1958, 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed.2d 788.

on this very question. In Patterson v. United States, 2 Cir., 1958, 258 F.2d 702, this court affirmed dismissals of libels filed by employees injured in the course of their employment with the United States while aboard vessels operated by the government and engaged in merchant service on the ground that their exclusive remedy was under the FECA. In Inland Waterways Corp. v. Doyle, 8 Cir., 1953, 204 F.2d 874, the Eighth Circuit reached a contrary conclusion holding that an employee of a governmental agency although covered by the FECA could also maintain a suit.

The Supreme Court affirmed the dismissals in Patterson, 1959, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971, rehearing denied 360 U.S. 914, 79 S.Ct. 1293, 3 L.Ed. 2d 1263, and referred to its decision in Johansen v. United States, 1952, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051, to the effect that the exclusive remedy for employees of the United States on government vessels engaged in public service is under the FECA. This conclusion was expanded "to cases where the government vessel is engaged in merchant service" (359 U.S. at page 496, 79 S.Ct. at page 937). The court held that "If civilian seamen employed by the Government are to be accorded rights different from or greater than those which they enjoy under the Compensation Act, it is for Congress to provide them" (359 U.S. at pages 496-497, 79 S.Ct. at page 937).[3]

Plaintiff relies heavily on the decision of the district court in Cordero v. Panama Canal Co., D.C.S.D.N.Y.1959, 170 F.Supp. 234, wherein the court decided not to follow other decisions to the contrary in the same district (Scott v. Panama Canal Co., D.C.S.D.N.Y.1959, 170 F.Supp. 737, and Mills v. Panama Canal Co., S.D.N.Y.1959, Civ. 136-54). The court in Cordero stressed the similarity of the activities of the government corporation, Panama Canal Company, with those of private corporations engaged in similar commercial enterprises. In so doing it looked to the form rather than the substance of the operation. However, the question of who is the employer is not answered by saying a corporation without any inquiry as to the nature of ownership of the corporation. Here the corporation was wholly owned by the government and carrying on an essential governmental activity. The fact that as space permitted passengers and cargo were also carried on defendant's vessels was entirely incidental and secondary to the main purpose. As to the similarity of method of hiring seamen, namely, through union hiring halls, the form of hiring does not change the character of the employer, the government.

The Cordero case also points to decisions at a much earlier date in which seamen were allowed to sue. However, these cases are not presently controlling. The Supreme Court recognizing the conflict has now resolved it. Having done so with respect to a governmental agency, Inland Waterways Corporation, which was operating a far more commercial business than the Panama Canal Company, its decision in the Patterson case clearly covers the present case.

The fact that the government chooses to conduct the affairs relating to the Canal through a corporation does not alter its character as a governmental agency (Cherry Cotton Mills, Inc. v. United States, 1946, 327 U.S. 536, 66 S.Ct. 729, 90 L.Ed. 835, and Federal Crop Ins. Corp. v. Merrill, 1947, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10. As a result of accepting employment with Panama Canal Company plaintiff became, in effect, an employee of the United States and entitled to all the FECA benefits granted to him by congressional enactment. He is not privileged to accept this status and at the same time claim rights which could only be derived through some other and different status.

The judgment is affirmed.

---

3. Congress clearly indicated that it did not intend that seamen should have both Compensation Act benefits and the right to suit. See War Shipping Administration Act, 57 Stat. 45, 50 U.S.C.A.Appendix, § 1291. In granting the right to sue it made such seamen ineligible under FECA.