**832**

Felix ARRUFAT, Plaintiff,

v.

PANAMA CANAL CO., Defendant.

United States District Court
S. D. New York.
Dec. 8, 1961.

---

Sheldon Tabak, New York City, for plaintiff; T. Lawrence Tabak, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., S. D. New York, New York City, for defendant; Louis E. Greco, Clare E. Walker, New York City, of counsel.

FEINBERG, District Judge.

This is an action described by plaintiff as one "for damages for maintenance and cure benefits and for unearned wages on behalf of an American Merchant Seaman who became disabled while on foreign articles of the defendant's vessel * * *

while on shore leave in his home port." Defendant's answer, among other things, alleges that it is an agency and instrumentality of the United States. Defendant moves to dismiss the complaint under Rule 12(b), Fed.Rules Civ.Proc., 28 U.S. C.A. on the ground that the complaint fails to state a claim upon which relief can be granted. The basis of the motion is that plaintiff's sole remedy is provided by the Federal Employees' Compensation Act, as amended, ("F.E. C.A.") 5 U.S.C.A. § 751 et seq.

Decisions of the Court of Appeals for this Circuit would, except for one point discussed below, appear to require dismissal without further discussion. Patterson v. United States, 258 F.2d 702 (2 Cir.1958), aff'd, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959), rehearing denied, 360 U.S. 914, 79 S.Ct. 1293, 3 L.Ed. 2d 1263 (1959); Mills v. Panama Canal Co., 272 F.2d 37 (2 Cir.1959), cert. denied, 362 U.S. 961, 80 S.Ct. 877, 4 L.Ed. 2d 876 (1960). These cases make clear the exclusive nature of the remedy under the F.E.C.A.

Plaintiff, however, raises the question whether these, or similar, decisions apply to a claim for maintenance and cure and unearned wages. The answer is that they clearly do. In Patterson, one of the four companion cases decided involved an appeal from a decree dismissing a libel for damages and maintenance and cure. Sullivan v. United States, 130 F.Supp. 53 (S.D.N.Y.1955). The decree of dismissal was affirmed by Patterson. In Mills v. Panama Canal Co., Civil No. 136–54 (S.D.N.Y.1959), which involved defendant in the instant case, the trial court dismissed a complaint which included a count for maintenance and cure. The dismissal was affirmed, Mills v. Panama Canal Co., supra. In Scott v. Panama Canal Co., 170 F.Supp. 737 (S.D. N.Y.1958), this Court also dismissed a complaint seeking damages and maintenance and cure against this defendant on the ground now urged by defendant.[1] Finally, the case which con-

---

[1] The fact that the case may have been settled, as plaintiff's brief alleges, pending a reargument of the motion to dismiss, would appear to be irrelevant.

tains the rationale of the above decisions [Johansen v. United States, 343 U. S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952)] involved a libel seeking "damages, wages, maintenance and cure." Ibid. at 429, 72 S.Ct. at 852. See also Gilmore and Black, The Law of Admiralty, 255 (1957).

Under these authorities, the complaint must be dismissed.

So ordered.