**William DESOUSA, Plaintiff,**

v.

**PANAMA CANAL COMPANY, Defendant.**

United States District Court
S. D. New York.
Feb. 9, 1962.

Saul Sperling, New York City, Charles Andrews Ellis, New York City, of counsel, for plaintiff.

Robert M. Morgenthau, U. S. Atty., New York City, Louis E. Greco, New York City, Attorney in Charge, Admiralty & Shipping Section, Department of Justice, and Walter L. Hopkins, New York City, Attorney, Admiralty & Shipping Section, Department of Justice, of counsel, for defendant.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff is a citizen of the Republic of Panama who resides in New York. On September 23, 1957 he was injured when a Panama Railroad train on which he was a passenger was derailed while en route from Cristobal to Balboa Heights in the Canal Zone. The railroad was owned and operated by defendant Panama Canal Company which was also then plaintiff's employer.

The complaint contains three counts. The first is for breach of contract of carriage. The second is for negligence. The third alleges in substance that plaintiff was induced to delay institution of suit as a result of false and fraudulent misrepresentations by the defendant, and that therefore the statute of limitations is tolled. Jurisdiction is alleged under 28 U.S.C. §§ 1346, 1349, 1331 and 1332. Plaintiff seeks judgment in the sum of $149,619. The defendant has not yet answered the complaint.

The Panama Canal Company is a corporate agency of the United States created by Act of Congress (Act of September 26, 1950, 64 Stat. 1038, 1041). Its stock is wholly owned by the Government and the Secretary of the Army has been designated as its sole stockholder on the Government's behalf. It is the agency through which the United States operates and maintains the Panama Canal and carries on the various operations incidental thereto. The Panama Railroad across the Canal Zone on which the plaintiff was injured is one of the operations carried on by the defendant.

Defendant moves, pursuant to Rule 56 (b), F.R.Civ.P., 28 U.S.C., for summary judgment on the ground that as a matter of law plaintiff's sole remedy is under the Federal Employees' Compensation Act (5 U.S.C.A. § 751 et seq.). In the alternative it moves for the transfer of the action to the United States District Court for the District of the Canal Zone pursuant to 28 U.S.C. § 1404(a).

The pertinent facts on the motion for summary judgment are as follows:

When the accident which is the subject of the action occurred plaintiff had been working for defendant or its predecessors for over sixteen years. For much of this time he had been a multilith operator in the Mount Hope office of the Company and resided in Colon, both on the Caribbean side of the Isthmus. Some three or four weeks before the accident he was transferred to the Company administrative building in Balboa Heights on the Pacific side of the Isthmus. He therefore found it necessary to make arrangements for transportation to and from work.

On September 9, 1958 plaintiff purchased from the defendant a weekly commutation ticket which entitled him to five round trips on the railroad operated by the defendant between Mount Hope and Balboa Heights. He purchased two more such tickets on September 15 and September 22. The tickets cost him $3 each. He was injured on September 23, 1957 while traveling on the third such ticket when the train on which he was riding was derailed.

There is sharp disagreement between the parties as to the nature of the tickets on which plaintiff was traveling and the circumstances under which such tickets were issued and sold.

Defendant maintains that the tickets were special commuter passes available only to Company employees at the reduced price of $3 and that similar tickets issued to everyone else cost $5.

Plaintiff, on the other hand, contends that the tickets he purchased were for second class fare and were available at the same price to persons who were not Company employees. He claims, for example, that such tickets were often used by farmers carrying agricultural produce to market.

The question on the motion for summary judgment is whether, in this state of the record, defendant has shown that, as a matter of law, plaintiff is barred from maintaining this action because his exclusive remedy is under the Federal Employees' Compensation Act (hereinafter referred to as the Compensation Act.)

Section 751(a) of that Act (5 U.S.C.A. § 751) provides that "The United States shall pay compensation as hereinafter specified for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty."

It is also provided that:

"The liability of the United States or any of its instrumentalities under sections 751–756, 757–781, 783–791 and 793 of this title or any extension thereof with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee, * * *." 5 U.S.C.A. § 757(b).

■ The Act applies to employees of an agency of the Government such as the defendant as well as to the Government itself. Mills v. Panama Canal Company, 272 F.2d 37 (2 Cir. 1959), cert. den. 362 U.S. 961, 80 S.Ct. 877, 4 L.Ed.2d 876 (1959). If an employee of either is injured "while in performance of his duty" his exclusive remedy is under the statute. Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952); Patterson v. United States, 258 F.2d 702 (2 Cir. 1958), aff'd 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959); Mills v. Panama Canal Company, supra.

Thus, if this plaintiff sustained his injuries while "in the performance of his duty" as an employee of the defendant within the meaning of the Compensation

Act, his exclusive remedy is under the Act and he cannot recover here.

There is plainly an issue of fact as to the nature and effect of the ticket on which the plaintiff was traveling when he was injured and as to the circumstances under which and the persons to whom such tickets were issued and sold. This issue is not resolved by the papers before me and cannot be determined without a trial. Therefore the crucial question on this motion is whether or not the undisputed fact that plaintiff was an employee of defendant traveling to work on his employer's railroad, in and of itself necessarily shows that he was "in the performance of his duty" within the meaning of the Compensation Act.

■ In interpreting this federal statute the federal law must be applied and I am not bound by local decisions or standards. The federal common law applies here. D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp., 315 U. S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942); Deitrick v. Greaney, 309 U.S. 190, 60 S. Ct. 480, 84 L.Ed. 694 (1940); United States v. Sharpe, 189 F.2d 239 (4 Cir. 1951).

No federal authority squarely in point has been called to my attention nor have I found one. The defendant cites numerous authorities in both state and federal courts interpreting similar provisions in other statutes but these do not aid him.

I do not read the cases as supporting the proposition that an employee is necessarily engaged in the performance of his duties merely because he is traveling to work on a public transportation system owned or operated by his employer without special arrangements with his employer either express or implied. In each of the numerous federal cases cited by the defendant it was shown that the transportation involved was in some way an incident of the employment. Cf. Cardillo v. Liberty Mutual Insurance Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947); Erie R. R. Co. v. Winfield, 244 U.S. 170, 37 S.Ct. 556, 61 L.Ed. 1057 (1916); United States Fidelity & Guar-

anty Co. v. Donovan, 94 U.S.App.D.C. 377, 221 F.2d 515 (1954); Peski v. Todd & Brown, 158 F.2d 59 (7 Cir. 1946); Stiffler v. United States, 122 F.Supp. 304 (D.C.Middle D.Pa.1954).

Larsen on Workmen's Compensation (pp. 233–235) is to the same effect, as is the principal state court case on which defendant relies. See California Casualty Indemnity Exchange v. Industrial Accident Comm., 21 Cal.2d 461, 132 P.2d 815 (Sup.Ct.California 1942).

Here, assuming the facts as the plaintiff claims them to be, it does not necessarily follow that the transportation was an incident of his employment by defendant. For on such facts the plaintiff's travel on defendant's railroad may have been a mere coincidence arising out of the fact that the defendant owned and operated the available means of transportation. That is not sufficient to establish that the commuting employee was "in the performance of his duty" while engaged in such travel.

■ The defendant's argument that the Compensation Act should be liberally construed to include this plaintiff because it is "a statute for the amelioration of social conditions" has no validity here and the cases on which he relies to support this general proposition are wholly inapplicable. Such a rule of construction is for the benefit of the employee so that liberal coverage under the Act may be provided. It has no application to a situation such as this.

In this connection it may be noted that the minimum compensation limits prescribed by the statute are not applicable to employees such as the plaintiff who are not citizens of the United States. (5 U. S.C.A. § 793). To strain the language of the Compensation Act so as to preclude the plaintiff from bringing this action and thus limit his recourse to the uncertain remedies provided by the Act for one in his position would be patently unjust.

■ Since there are triable issues of fact on the question of whether the plaintiff was injured "while in the performance of his duty" as an employee of the

defendant, defendant's motion for summary judgment must be denied.

There remains the defendant's motion for transfer of the action to the District of the Canal Zone pursuant to 28 U.S.C. § 1404(a).[1]

Since the accident and prior to the commencement of this action, the plaintiff has moved to New York permanently, married an American citizen and has a permanent job here at a modest salary. His wife has recently had a baby and is on leave from her own job for that reason. The trial of this case in the District of the Canal Zone would be a great hardship for him and transfer there might well force him to give up his suit.

■■ It is well settled that the plaintiff's choice of forum will not be disturbed unless the balance of convenience and justice weighs heavily in favor of defendant. Lykes Brothers S.S. Co. v. Sugarman, 272 F.2d 679 (2 Cir. 1959); Nicol v. Koscinski, 188 F.2d 537 (6 Cir. 1951); General Portland Cement Co. v. Perry, 204 F.2d 316 (7 Cir. 1953). The burden of overcoming plaintiff's choice of forum and demonstrating that the balance of convenience preponderates in its favor rests on the defendant. Velez v. Lykes Brothers S.S. Co., 142 F.Supp. 612 (S.D.N.Y.1956); Rhodes v. Barnett, 117 F.Supp. 312 (S.D.N.Y.1953).

■ The plaintiff here is suing in the forum of his residence and there is no indication that his choice of forum was dictated by any other consideration. The transfer will cause great hardship to plaintiff and, indeed, places him in a position where it might be difficult, if not impossible, for him to prosecute his claim. Under such circumstances the "interest of justice" dictates that his choice of forum should not be disturbed. General Portland Cement Co. v. Perry, supra; Cinema Amusements, Inc. v.

Loew's Inc., 85 F.Supp. 319 (D.C.Del. 1949); Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., 88 F.Supp. 863 (S.D. N.Y.1949); McCarley v. Foster-Milburn Co., 89 F.Supp. 643 (W.D.N.Y.1950); Kasper v. Union Pac. R. Co., 97 F.Supp. 275 (E.D.Penn.1951); Miller v. National Broadcasting Co., 143 F.Supp. 78 (D.C. Del.1956); Leopard Roofing Co. v. Asphalt Roofing Industry Bureau, 190 F. Supp. 726 (E.D.Tenn.1960). See, also, Kaufman, Transfers Under New Judicial Code, 10 F.R.D. 595, 606; Annotation 99 L.Ed. 829.

The defendant waited fourteen months after the institution of the action to move for transfer. Its argument that transfer should be made because all of its witnesses are residents of the Canal Zone and the scene of the accident was there, is not persuasive. Both the conductor and engineer of the train on which the plaintiff was injured currently reside in the United States and not in the Canal Zone, one in Ohio and the other in Florida. There has been no denial that the train was in fact derailed. Proof of the facts as to the derailment in this district should not present any unsurmountable difficulties. Neither should the proof on the question of whether the accident occurred while plaintiff was in performance of his duties as defendant's employee.

In any event whatever difficulties there may be do not overcome the plaintiff's choice of the forum of his own residence and the residence of his family or the hardships to which he would be subjected were transfer made. In the interest of justice this case should not be transferred to the District of the Canal Zone but should remain here. Defendant's motion for transfer under § 1404(a) should not be granted.

Defendant's motions are in all respects denied.

It is so ordered.

1. Section 1404(a) reads as follows:
"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."