## POSEY v. TENNESSEE VALLEY AUTHORITY.

### No. 8536.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1937.

W. T. Murphree, of Gadsden, Ala., for appellant.

James Lawrence Fly, General Counsel, Tennessee Valley Authority, and William C. Fitts, Jr., Solicitor, Tennessee Valley Authority, both of Knoxville, Tenn., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Posey sued the Tennessee Valley Authority in the District Court to recover for a physical injury received while he was employed by the Authority as a laborer in constructing Wheeler Dam. There were counts seeking recovery under the Em-

ployers' Liability Act of Alabama, Code, §§ 7598, 7600, 7601, and § 7599, as amended by Gen.Acts 1933, Ex.Sess., p. 118, under the Workmen's Compensation Act of Alabama, Code, §§ 7534–7597, as amended, and for negligence under the common law. The Authority by demurrers contended that the statutes of Alabama were inapplicable to it as an agency of the United States,'nor was the common law, but that the TVA Act, 16 U.S.C.A. § 831 et seq., had provided as an exclusive remedy relief under the United States Employees' Compensation Act, 5 U.S.C.A. § 751 et seq.; but if otherwise, the Alabama Compensation Law would apply exclusively, and suit under it is barred by its limitation of one year from the injury; and that no case for recovery under the common law was alleged because it appeared that there was no negligence and the risk of the employment was patent and was assumed. The count under the Alabama Compensation Act was withdrawn, it being concededly barred by limitation; but the District Judge thought that law exclusively applicable, and sustained the demurrers to the other counts. His order sustaining the demurrers is general, and will be supported by any sufficient ground. The remedies available to an employee of the Authority who is injured while working in Alabama are for decision.

■ The Tennessee Valley Authority is a corporation created by Act of Congress, 48 Stat. 58, § 1, 16 U.S.C.A. § 831, for the purpose of managing certain properties of the United States developed in consequence of the World War at Muscle Shoals, Ala., and of building further dams on the Tennessee river and its tributaries to improve navigation and control floods, and to dispose of surplus electricity generated thereby. There is no capital stock. The operations are paid for by appropriations from the Treasury of the United States. The lands acquired belong to the United States. The great functions of the Authority are governmental in nature and might have been performed directly by the officers of government. But a corporation consisting of three publicly appointed officials was created, and by section 4(b) of the act, 16 U.S.C.A. § 831c(b), it was given power to sue and be sued in its corporate name. Notwithstanding the corporate entity and its subjection to suit, the Authority is plainly a governmental agency of the United States, and except as Congress may otherwise consent, is free from state regulation or control. McCulloch v. Maryland, 4 Wheat. 316, 4 L.Ed. 579; Johnson v. Maryland, 254 U.S. 51, 41 S.Ct. 16, 65 L. Ed. 126. It may be emphasized that it is not a corporation created under the general laws of some state or territory, whose stock the United States happen to own, as was true of the Emergency Fleet Corporation, and the Panama Railroad Company.

But Congress did consent that this agency might be sued. It is questioned in argument whether these general words, if unqualified, would create liability to suit in all cases in which commercial corporations could be sued, or only in cases in which the United States can be sued, excluding especially cases of tort for which by a consistent policy the United States have heretofore declined to subject themselves to suit. We need not face and decide the question because the consent to suit is qualified, reading thus: "Except as otherwise specifically provided in this Act [chapter] the Corporation * * * (b) May sue and be sued in its corporate name." If an unqualified liability to suit in all cases had been intended, the provision for it would not have been preceded by the words of exception. We have only to look at the preceding section of the act, section 3, 16 U.S.C.A. § 831b, for the otherwise specific provision applicable here.

■ That section deals comprehensively with employees of the Authority. Evidently Congress regarded the employees as being substantially employed by the United States, and therefore takes off the fetters of the civil service regulations which otherwise might apply. There follow provisions about the rates of wages; and lastly, foreseeing numerous employees engaged in extensive and perhaps dangerous work, it is provided: "Insofar as applicable, the benefits of the Act [chapter 15 of Title 5, entitled 'An Act to provide compensation for employees of the United States suffering injuries while in the performance of their duties, and for other purposes,' approved Sept. 7, 1916, as amended], shall extend to persons given employment under the provisions of this Act [chapter]." Stopping to look at the act designated, it is found to be a full, comprehensive scheme for compensation for injury and death comparable to the compensation laws of the states, and to the Longshoremen's and Harbor Workers' Compensation

728

Act, 33 U.S.C.A. § 901 et seq., which is also the Workmen's Compensation Act of the District of Columbia, D.C.Code 1929, T. 19, §§ 11, 12, 33 U.S.C.A. § 901 note. This compensation is the sole remedy ordinarily available to an injured employee of the United States because of the general refusal to permit suits for torts. It is not a gratuity or grace, but a measured justice operating on the same general basis as state compensation laws. We entertain no doubt that Congress can limit the remedy of injured employees of its instrumentality to this compensation. We have but little doubt that it so intended. The inconvenience, uncertainty, and consequent litigation that would at once arise if the laws of each state in which the employee might work should apply must have been foreseen. The incongruity of having these states regulate not only compensation for injury, but hours of labor, safety appliances, and such things on government work is apparent. If the Alabama Workmen's Compensation Law was contemplated as applicable, why add as a general alternative the compensation law of the United States? While the words "shall extend to," which are used of the last-named law, are not themselves appropriate or sufficient perhaps to be exclusive, when they are immediately followed by the words "Except as otherwise specifically provided" suit may be brought, it seems to us that Congress meant to exclude from the remedy by suit the injured employee who had just been provided a remedy by compensation. This is not a case of an existing right with an established remedy to which another remedy is added without making it exclusive, as were Panama R. Co. v. Minnix, 5 Cir., 282 F. 47, and Payne v. Cohlmeyer, 7 Cir., 275 F. 803, and Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696. Nor is it exactly a case in which a right new-created has in the same act a remedy provided which without express words will be held exclusive. Pollard v. Bailey, 20 Wall. 520, 22 L.Ed. 376; Yates v. Jones National Bank, 206 U.S. 158, 27 S.Ct. 638, 51 L.Ed. 1002; Globe Newspaper Co. v. Walker, 210 U.S. 356, 28 S.Ct. 726, 52 L.Ed. 1096. But it is a case in which a new sort of corporation is directly created by the Legislature as an instrumentality of government; and in the same act the corporation is authorized to employ persons, and their injuries are considered and provided for, and then suit allowed where there is no otherwise provision.

The true intent of the whole act is to be sought, in the light of its novel subject-matter and the intimate relation to the government of the employments under it. We think the matter of injuries to employees was intended to be disposed of in section 3 of this act and is not covered by the provision for suit in section 4(b). The laws of Alabama, including the common law, do not apply. The demurrers were rightly sustained and the judgment is affirmed.

HUTCHESON, Circuit Judge (concurring in the result).

I do not agree with my associates that the United States Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., provides appellant an exclusive remedy. I do agree with them, though, that the judgment should be affirmed, and I therefore concur in the result.

It is quite clear, I think, that plaintiff's pleadings were demurrable under any theory of recovery. We should, I think, therefore say so, and affirm the judgment, without undertaking to decide whether, if his complaint had stated a cause of action at common law, or under the Employers' Liability Act of Alabama, Code 1923, §§ 7598, 7600, 7601, and § 7599, as amended by Gen.Acts 1933, Ex.Sess., p. 118, his suit should still have failed, because, as appellees claim, the remedy extended to him under the United States Employees' Compensation Act was exclusive.