Floyd Benton **HILL**, **Bankrupt,** Appellant,

v.

**Will.am F. SCHAEFER, Trustee,** Appellee.

No. 15164.

United States Court of Appeals Fifth Circuit.

May 10, 1955.

Harold T. Pounders, Florence, Ala., for appellant.

Wm. A. Barnett, Florence, Ala., for appellee.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

The narrow question before us on this appeal is whether the lump sum repayment of contributions made to the TVA Retirement Fund, to which appellant became entitled upon his resignation from the Tennessee Valley Authority, was an asset that passed to his trustee in bankruptcy or did not become an asset until after the filing of his voluntary petition.

From the referee's findings of fact it appears that the bankrupt, after sixteen years' service with the Tennessee Valley Authority, resigned his position on the 20th day of December, 1953; that he made application for a refund of his contributions to the retirement funds on January 4, 1954, filling out the proper forms or applications furnished him for that purpose; that under the Act governing the Tennessee Valley Authority and its rules and regulations pertaining to the retirement system, bankrupt became legally entitled to the funds without more, and that he thereafter filed his voluntary petition in bankruptcy on January 8, 1954.

The problem presented here must obviously be answered by a determination as to whether Hill, prior to the filing of his bankruptcy petition had a clear unequivocal legal claim on the Tennessee Valley Authority for the repayment to him of the amount in controversy. The Court of Appeals for the Sixth Circuit

held, under a different set of circumstances, that such a repayment was not an asset in the hands of the employee. Tennessee Valley Authority v. Kinzer, 6 Cir., 142 F.2d 833.

Neither party pointed out to the referee nor to us on this appeal the specific statutory authority, if that is what was relied upon, or the regulations of the Tennessee Valley Authority, if they are the basis of the trustee's claim, as the basis for Hill's right to the refund. However, the court in the Kinzer case stated that an employee was entitled to receive such a lump sum upon termination of employment, and we accept this as true since both parties proceeded on that assumption, both in the bankruptcy court and upon this appeal.[1]

We think the difference in the legal position of the employee in the Kinzer case from that of Hill as to what constitutes "separation from the service," compels us to arrive at the opposite conclusion as to the funds here in controversy. The circumstance giving rise to this different result is the enactment by the Congress, beginning in 1944, of a series of laws that permit a Federal employee to take a lump sum payment for accumulated or accrued annual leave upon his separation from the service, thus making it unnecessary for his actual separation to be postponed to the last day of his accrued annual leave. In the Kinzer case the employee tendered his resignation on July 15, 1941, such resignation to be effective as of August 28th. Between these dates he was on annual leave of absence with pay. This is the only way in which he could be paid for the leave period. On August 7th he was adjudicated a bankrupt. In the present case Hill tendered his resignation on December 20th to become effective on January 2, 1954. On January 2nd he had accrued annual leave of 32 days. This was his last day of service. Under the statute as it stood in 1954, it was not necessary for Hill to remain in the employ of the Tennessee Valley Authority until the termination of this 32 day period, since Title 5 U.S.C.A. § 61b provides for the lump sum payment for accumulated or accrued annual leave upon separation from the service.[2]

The fact that the court held to be present in the Kinzer case—that is that Kinzer was not separated from the service until the expiration of his leave period—is, therefore, not present here. The trial court, therefore, was correct in determining that when Hill exercised his discretion to ask for a lump sum payment of his contributions to the retirement fund, as provided in 5 U.S.C.A. § 733(a), which he did on January 4th, 4 days before bankruptcy, he had "become separated from the service," and, under the terms of the statute, he "shall be paid * * * (B) the total amount credited to his individual account together with interest * * *."

It is clear, therefore, that prior to the filing of his bankruptcy petition, Hill had a clear legal claim on the Tennessee Valley Authority for the amount of his payments into the retirement fund. This amount was, therefore, an asset in his hands which passed to his trustee in bankruptcy.

The judgment is, therefore,

Affirmed.

---

1. Moreover, we find specific authority for such payments in the case of federal employees generally in 5 U.S.C.A. § 733 (a). This section provides as follows: "Should any officer or employee * * * become separated from the service, such officer or employee shall be paid as he may elect, * * * or (B) the total amount credited to his individual account together with interest * * *."

2. Although Section 61b refers specifically to "any civilian officer or employee of the federal government", it refers to the provisions of Section 61a, and that section specifically includes employees of government corporations, such as the Tennessee Valley Authority. Thus, it is unnecessary for us to consider whether for the purpose of terminal leave benefits employees of the Tennessee Valley Authority are "civilian employees of the federal government." c.f. Posey v. Tennessee Valley Authority, 5 Cir., 93 F.2d 726.