Petition of the **UNITED STATES** of America, Represented by **INLAND WATERWAYS CORPORATION,** a Government Agency; and, the Inland Waterways Corporation, a Government Agency, Wholly Owned by the United States, Created by Act of Congress as a Corporation of the District of Columbia, the Documented Owner of the RIVER TOWBOAT NATCHEZ, for Exoneration From, and/or Limitation of Liability.

No. 1521.

United States District Court
E. D. Louisiana,
New Orleans Division.

Dec. 28, 1962.

Kathleen Ruddell, Asst. U. S. Atty., New Orleans, La., Leavenworth, Colby, Chief, Admiralty & Shipping Section, Department of Justice, Washington, D. C., for petitioners.

Kierr & Gainsburgh, Raymond H. Kierr, New Orleans, La., for claimants.

AINSWORTH, District Judge.

Petitioners, the United States of America and the Inland Waterways Corporation, a wholly owned Government agency

created by Act of Congress, have filed a motion pursuant to Rule 58 of the Admiralty Rules of Practice for summary judgment, dismissing all of the several claims for death or injury made by several claimants herein as a result of a disaster which occurred on March 4, 1948. On that day the Towboat NATCHEZ, owned by the Inland Waterways Corporation, was proceeding with a tow of six barges up the Mississippi River on a voyage to Mount Vernon, Indiana. Upon arriving at the Greenville, Mississippi bridge and while preparing to double trip the tow the NATCHEZ collided with a bridge pier and sank, resulting in the death of thirteen members of her crew and personal injuries to several crewmen.

The claims herein are asserted under the Jones Act, 46 U.S.C.A. § 688, the General Maritime Law and the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, limitation being authorized under provisions of 46 U.S.C.A. § 746.

Petitioners maintain that these claims should be dismissed because claimants have no right to proceed under the statutes referred to, it being contended that the exclusive rights of claimants are to compensation benefits under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., and especially 5 U.S.C.A. § 759 note. It is stated that all the deceased and injured crew members of the Natchez were Civil Service employees of the United States and covered under the Federal Employees' Compensation Act.

By the Act of October 14, 1949, 5 U.S.C.A. § 757 note, the Federal Employees' Compensation Act was amended to provide a procedure for claimants whose suits had already been filed and to declare the exclusiveness of the remedy under the Act. The Act of October 14, 1949 also amended 5 U.S.C.A. § 757 and made an express declaration that the Act was exclusive as to all others except seamen.

The sole question for determination is whether the exclusive remedy for death or injury of crew members em-

ployed by the Inland Waterways Corporation on its vessel NATCHEZ is compensation under the Federal Employees' Compensation Act. If this is so, the motion for summary judgment must be granted and the several suits of claimants dismissed as well as their claims in the limitation proceedings and the petition for limitation itself since it no longer serves any useful purpose.

The precise question has been passed on by the Supreme Court in Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971 (1959), aff'g. 2 Cir., 1958, 258 F.2d 702, which cited with approval that Court's prior decision in Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952). Claimants contend that the NATCHEZ was engaged in transporting non-Government cargo and that there was no public service being rendered at the time of the casualty. But the Court declared in Johansen that the exclusive nature of the Federal Employees' Compensation Act was equally applicable to cases where the Government vessel is engaged in merchant service. Claimants also contend that since the claims here are based on a casualty which occurred in 1948, prior to the passage of the amendments to the Compensation Act in 1949, providing for exclusiveness, Congress indicated when it made its declaration in 1949 that the Act was not exclusive prior to that time. However, the same argument was made in Johansen and rejected by the Supreme Court. Johansen himself had been injured several months prior to the passage of the Act of October 14, 1949, and the Court held that his exclusive remedy was under the Compensation Act.

The Patterson case was not decided until 1959. The present petition for limitation was filed August 31, 1948, more than ten years prior to a decisive holding by the Supreme Court in the Patterson case as to the exclusiveness of the remedy for personnel as involved here. The holding in Patterson is the law, and we have no alternative but to follow it.

The affidavit filed in support of the motion discloses that repeated efforts have been made by the United States to have the claimants file for the benefits provided by the Federal Employees' Compensation Act. Most of them have done so and have been paid what is due them; the others [1] who are involved here were notified of their rights, were furnished the necessary claim forms but have, for reasons best known to themselves, declined to file for Federal compensation. Our decision will not affect their rights to pursue their claims for compensation and is made without prejudice to them. All of the remaining claims in the limitation proceedings are on behalf of employees of the NATCHEZ.

The United States has orally stated at argument of this motion that the limitation proceedings should be dismissed if the court should hold that the several claimants' exclusive remedy is to Federal compensation.

■■ Claimants urge in their brief that the United States has estopped itself to urge that the exclusive remedy here is Federal compensation, by the filing in 1948 by the Government of the limitation proceedings. No formal plea of estoppel has been filed, however. Precisely what claimants have done to their prejudice by the action of the United States here is not clearly indicated. The affidavit of the United States and its answers to claimants' interrogatories (uncontradicted by countervailing affidavits) show that the Government has always contended that claimants should file for Federal compensation. They were repeatedly urged to do so. Generally, the Government as the sovereign is not subject to a plea of estoppel. Legerlotz v. Rogers, 1959, 105 U.S.App.D.C. 256, 266 F.2d 457, 459, n. 5. Nevertheless, in a "proper case" an estoppel may be asserted against the United States [2] but " * * * such a doctrine is to be applied only with caution

against the United States * * *." First National Bank of Montgomery v. United States, D.C.M.D.Ala., 1959, 176 F.Supp. 768, 772, affirmed per curiam 5 Cir., 1961, 285 F.2d 123. The circumstances here do not warrant a finding that the United States is estopped.

The motion for summary judgment is, therefore, granted, and all the several claims in the limitation proceedings and the limitation proceedings themselves are dismissed.

---

1. Answers to interrogatories filed herein by the United States indicate that the only remaining claimants are Mrs. Mary

Ruth Jarvis (now Mrs. Kommene) and Gloria Nepveaux.

2. 31 C.J.S. Estoppel § 140.