Mrs. Charles JARVIS et al., Appellants,

v.

UNITED STATES of America et al., Appellees.

No. 20896.

United States Court of Appeals
Fifth Circuit.

March 29, 1965.

Raymond H. Kierr, New Orleans, La., Richard S. Salzman, Dept. of Justice, Washington, D. C., Kierr & Gainsburgh, New Orleans, La., for appellants.

Richard S. Salzman, Allan J. Weiss, Attys., Dept. of Justice, Washington, D. C., Kathleen Ruddell, Asst. U. S. Atty., New Orleans, La., Leavenworth Colby, Morton Hollander, Attys., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Louis C. LaCour, U. S. Atty., for appellees.

Before TUTTLE, Chief Judge, and JONES and ANDERSON,* Circuit Judges.

PER CURIAM:

Upon careful consideration of this appeal, we conclude that the judgment of the trial court should be affirmed. We can add nothing to the reasoning of the trial court, and, therefore, approve the opinion and adopt it as the opinion of this Court. See Petition of the United States of America Represented by Inland Waterways Corporation, a Government Agency; and, the Inland Waterways Corporation, a Government Agency, Wholly Owned by the United States, Created by Act of Congress as a Corporation of Columbia, the Documented Owner of the River Towboat Natchez, for Exoneration from, and/or Limitation of Liability 212 F.Supp. 214.

The judgment is affirmed.

* Of the Second Circuit, sitting by designation.

Vincent A. PALISI, Appellant,

v.

LOUISVILLE & NASHVILLE RAILROAD COMPANY, Inc., Appellee.

No. 21728.

United States Court of Appeals
Fifth Circuit.

April 2, 1965.

Albert Sidney Johnston, Jr., Biloxi, Miss., for appellant.

W. B. Hand, Mobile, Ala., George E. Morse, Gulfport, Miss., Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., of counsel, for appellee.

Before WOODBURY,* WISDOM, and BELL, Circuit Judges.

PER CURIAM:

The District Court did not err in rendering judgment under Rule 50(b), F.R. Civ.P., for defendant railroad company notwithstanding the jury verdict for plaintiff. Applying the test which controls in directing a verdict so as to cast the evidence in the light most favorable to plaintiff, see Turner v. Atlantic Coast Line Railroad Company, 5 Cir., 1961, 292 F.2d 586; Hogan v. United States, 5 Cir., 1963, 325 F.2d 276, we conclude that there was no substantial evidence that any negligence on the part of the railroad company was the proximate cause of the death in question, and for that reason plaintiff was not entitled to have his case submitted to the jury.

Affirmed.

* Of the First Circuit, sitting by designation.