**Andrew Anthony AHO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 23866.

United States Court of Appeals
Fifth Circuit.

March 23, 1967.

* Of the Second Circuit, sitting by designation.

Charles R. Maloney, New Orleans, La., for appellant.

Richard S. Salzman, Morton Hollander, Jack H. Weiner, Attys., Dept. of Justice, Washington, D. C., Barefoot Sanders, Asst. Atty. Gen., Louis C. LaCour, U. S. Atty., for appellee.

Before BROWN, MOORE,* and BELL, Circuit Judges.

PER CURIAM:

Presented again is the question whether Yaka,[1] which rejected literal application of the exclusive liability section as to private shipowners, 33 U.S.C.A. § 905, permits the same result as to seamen on public vessels under a similar exclusive provision in the Federal Employees' Compensation Act, 5 U.S.C.A. § 757 (b), in a suit under the Public Vessels Act, 46 U.S.C.A. §§ 781–790.

In Suhar v. United States, 5 Cir., 1965, 351 F.2d 952, without saying so we necessarily rejected this contention which had been specifically urged. The result was the same in our earlier decision in Jarvis v. United States, 5 Cir., 1965, 342 F.2d 799, cert. denied, 1965, 382 U.S. 831, 86 S.Ct. 70, 15 L.Ed.2d 75. Since then two things of significance have occurred. The Supreme Court in Amell v. United States, 1966, 384 U.S. 158, 86 S.Ct. 1384, 16 L.Ed.2d 445, 447, expressly recognized the continuing vitality of its earlier decisions[2] on which we specifically relied. More recently and more important it has in effect given specific approval to Jarvis. See United States v. Demko, 1966, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258, 261, note 4.

Affirmed.

* Of the Second Circuit, sitting by designation.

1. Reed v. SS Yaka, 1963, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448, 1963 AMC 1373.

2. Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051; Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971.