**Roosevelt JOHNSON, Appellant,**

v.

**UNITED STATES of America and Panama Canal Company, Appellees.**

**Anthony BUCKNER, Appellant,**

v.

**UNITED STATES of America and Panama Canal Company, Appellees.**

Nos. 25485, 25486.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1968.

Certiorari Denied March 24, 1969.

See 89 S.Ct. 1195.

Clifton S. Carl, Garrett & Carl, New Orleans, La., for appellants.

Kathleen Ruddell, Asst, U. S. Atty., New Orleans, La., Morton Hollander, Daniel Joseph, Michael C. Farrar, Attys., Dept. of Justice, Washington, D. C., Louis C. LaCour, U. S. Atty., New Orleans, La., Edwin L. Weisl, Jr., Asst. Atty. Gen., Washington, D. C., for appellees.

Before GEWIN and BELL, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

The appellants, Roosevelt Johnson, [No. 25485], and Anthony Buckner, [No. 25486], brought suit against the appellees under the General Maritime Law, the Public Vessels Act, 46 U.S.C. § 781 et seq., and the Suits in Admiralty Act, 46 U.S.C. § 741 et seq. seeking re-

covery for injuries allegedly sustained in the course of their employment as federal employees aboard the SS CRISTOBAL, a vessel owned and operated by the Panama Canal Company, a wholly-owned agency and instrumentality of the United States. The United States District Court for the Eastern District of Louisiana granted a motion for summary judgment in favor of the Government and dismissed the complaints on the ground that the exclusive remedy of the appellants against the United States was under the Federal Employees Compensation Act, 5 U.S.C. § 751 et seq.[1]

Our decision in this case is controlled by decisions of the Supreme Court and prior decisions of this court which we consider to be clearly dispositive of the issue presented. These decisions compel the conclusion that a seaman who was injured in the course of his employment as a federal employee of the Panama Canal Company, a federal instrumentality, is limited to the benefits provided under the terms of the Federal Employees Compensation Act and, therefore, such seaman may not maintain a suit for damages against the Government. Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (Public Vessels Act); Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971, (Suits in Admiralty Act); Jarvis v. United States, 342 F.2d 799 (C.A. 5), affirming Petition of United States, 212 F.Supp. 214 (E.D.La.), cert. den. 382 U.S. 831, 86 S.Ct. 70, 15 L.Ed. 2d 75 (Suits in Admiralty Act); Suhar v. United States, 351 F.2d 952 (C.A. 5) (general maritime law); Aho v. United States, 374 F.2d 885 (C.A. 5), cert. den. 389 U.S. 930, 88 S.Ct. 292, 19 L.Ed.2d 282 (libel in admiralty). The *Johansen* and *Patterson* decisions have been reaffirmed recently. Amell v. United States, 384 U.S. 158 at 160–161, 86 S.Ct. 1384, 16 L.Ed.2d 445; United States v. Demko, 385 U.S. 149, at 151–152, 87 S.Ct. 382, 17 L.Ed.2d 258.

The judgment is affirmed.

1. By statute the section designations have been changed to 5 U.S.C. § 8101 et seq.