**Claude FLIPPO, Plaintiff-Appellant,**

v.

**TENNESSEE VALLEY AUTHORITY,
Defendant-Appellee.**

**No. 73-1892**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1973.

Rehearing and Rehearing En Banc
Denied Nov. 28, 1973.

Robert E. Jones, III, C. A. Poellnitz, Sam H. Robison, Florence, Ala., for plaintiff-appellant.

Robert H. Marquis, Gen. Counsel, Herbert S. Sanger, Jr., Associate Gen. Counsel, Beauchamp E. Brogan, Asst. Gen. Counsel, Charles A. Wagner, III, Atty., J.V.A., Knoxville, Tenn., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Once again in a case where on *Blue Cat*[1] readings the employee made himself out an ambiguous-amphibious seaman, Mike Hooks, Inc. v. Pena, 5 Cir., 1963, 313 F.2d 696, 1963 A.M.C. 355, against the employer, TVA, we confess a certain bewilderment as to how the plain language of the 1949 amendment[2] to FECA cuts off substantial rights recognized under the maritime law *vis-a-vis* a seaman employee and a governmental agency having a very relaxed sovereign immunity, *Gulfspray* I: Gulf Oil Corp. v. Panama Canal Co., 5 Cir., 1969, 407 F.2d 24, 1969 A.M.C. 1; *Gulfspray* III: Gulf Oil Corp. v. Panama Canal Co., 5 Cir., 1973, 481 F.2d 561, 1973 A.M.C.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Barber v. "Blue Cat", 5 Cir., 1967, 372 F.2d 626, 1969 A.M.C. 211.

2. 5 U.S.C.A. § 8116(c):
   "The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. *However, this subsection does not apply to a master or a member of a crew of a vessel.*" (Emphasis added).

1582 [1973]. Nevertheless, assuming the broadest congressional waiver of sovereign immunity by TVA, we find no meaningful distinction between TVA and other governmental agencies as to whom we have held that the claim of such a real or pseudo seaman strands on 5 U.S.C.A. § 8116(c). Johnson v. United States, 5 Cir., 1968, 402 F.2d 778, cert. denied, 1969, 394 U.S. 930, 89 S.Ct. 1195, 22 L.Ed.2d 459; Petition of United States, E.D.La., 1962, 212 F.Supp. 214, aff'd sub nom. Jarvis v. United States, 5 Cir., 1962, 342 F.2d 799, cert. denied, 1965, 382 U.S. 831, 86 S.Ct. 70, 15 L.Ed.2d 75. Nothing new has been added, nothing new need be stated. So nothing new need be ordained.

Affirmed.