William B. McBRIDE, and wife
Bettye R. McBride

v.

The TENNESSEE VALLEY AU-
THORITY et al.

Civ. A. No. 1–74–67.

United States District Court,
E. D. Tennessee, S. D.

July 31, 1974.

---

Luther, Anderson & Ruth, Chattanooga, Tenn., for plaintiffs.

Robert H. Marquis, Gen. Counsel, T. V.A. Knoxville, Tenn., for defendants.

Richard Dietzen, Chattanooga, Tenn., for Charles Hamrick.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an action by a husband and wife for damages for an assault alleged to have occurred in connection with the husband's employment as a foreman with the Tennessee Valley Authority and for alleged wrongful termination of the husband from that employment. The case is before the Court upon a motion to dismiss or for summary judgment filed on behalf of the Tennessee Valley Authority and the individual defendants other than Charles Hamrick (Court file #3).

The substance of the allegations in the complaint are that, while acting in the performance of his duties as a foreman with the T.V.A., the plaintiff, McBride, was assaulted and injured by the defendant Hamrick. This assault is alleged to have taken place in the presence of the defendants Foote and Brown, who were supervisory personnel with the T. V.A. at the time. Thereafter the plaintiff was terminated from his employment by the T.V.A., although he was guilty of no misconduct in connection with the assault. His termination was sustained after exhaustion by the plaintiff of the applicable grievance procedure. It is alleged that the individual defendants, Wilson, Gibb, Mull, and Black were the supervisory and management personnel in T.V.A. who effected and/or sustained the plaintiff's discharge from his employment with the T.V.A. It is alleged generally, and without specifics, that the defendants Foote, Brown and Wilson were negligent in the performance of their supervisory duties and in not "preventing occurrences of this nature." It is alleged generally, and without specifics, that the defendants Gibb, Mull and Black, upheld the termination of the plaintiff in "wilful and wanton disregard of the facts and circumstances which tended to indicate that he was blameless." The plaintiffs seek to recover of all defendants both for the alleged assault and for the wrongful discharge.

The following facts appear undisputed in the record from the affidavits and counter-affidavits filed in support of and in opposition to the motion for summary judgment. On and prior to May 2, 1972, the plaintiff, McBride, was employed by the T.V.A., as a structural iron worker foreman. In the course of his employment on that date he was struck in the mouth by the defendant Hamrick, a fellow employee. The assault occurred in the course of the discussion of an employment issue between McBride and Hamrick. An issue exists as to whether the plaintiff was an aggressor in the altercation that occurred between himself and Hamrick or whether he was the innocent victim of an unprovoked assault. The defendants Brown and Foote were present and witnessed the altercation, or portions of it, between McBride and Hamrick but were in no wise involved other than to seek to terminate the altercation. In accordance with T.V.A. policy that calls for the termination of each employee engaging in a fight upon the job, notice of termination was given both McBride and Hamrick by the defendant Wilson in his capacity as construction superintendent for the

T.V.A. The plaintiff McBride exhausted the applicable grievance procedure in contesting his termination, contending that he was a victim and not a participant in the fight. At the initial and successive steps in the grievance procedure a finding was made by the management officer charged with making the decision that the plaintiff bore some responsibility for the altercation and his discharge was accordingly sustained. However, at the intermediate and final steps of the grievance procedure, the plaintiff was offered reinstatement without penalty other than the loss of from two to three months back pay. The plaintiff declined such reinstatement. The defendant Wilson in his capacity as construction superintendent with the T.V.A. initiated the termination action. The defendant Gibb, unidentified other than as an employee of the T.V.A., participated in some manner at one step of the grievance procedure. The defendant Mull, as division director, and Black as administrator of union management relations for the T.V.A., conducted the intermediate and final grievance proceedings and affirmed the plaintiff's discharge, but offered reinstatement without back pay, which offer, as stated above, was declined by the plaintiff.

In addition to exhaustion of the applicable grievance procedure, the plaintiff initiated a claim for compensation benefits under the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq., for injuries received in the altercation and was awarded full benefits under that act.

■ Upon this state of the record the Court is of the opinion that this lawsuit should be dismissed as to all parties defendant. Although no jurisdictional issue has been raised in the case, the complaint makes no jurisdictional allegations with reference to the individual defendants. The lawsuit will accordingly be dismissed as to each individual defendant for lack of jurisdiction.

■ With regard to the Tennessee Valley Authority, it is apparent that no cause of action would lie for the assault, as the plaintiff's exclusive remedy, if any, would be pursuant to the Federal Employees Compensation Act. 5 U.S.C. § 8116(c). See also *Vantrease* v. *United States*, 400 F.2d 853 (6th Cir. 1968); *Flippo* v. *Tennessee Valley Authority*, 486 F.2d 612 (5th Cir. 1973); *Posey* v. *Tennessee Valley Authority*, 93 F.2d 726 (5th Cir. 1937), a remedy the plaintiff has in fact resorted to and received full benefits under.

■ It is likewise clear that no action for wrongful termination would lie against the T.V.A. There is no genuine issue of fact but that the plaintiff received his full procedural rights in connection with his termination. The plaintiff seeks to create a procedural issue by contending that the grievance standards provide for reinstatement with back pay. This argument overlooks the fact that the grievance provision referred to is applicable only to a finding of an "unjustified and unwarranted" termination. The plaintiff's termination was found to be "justified and warranted" at each stage of the grievance proceeding. Where there has been substantial compliance with the grievance procedure, the merits of the decision to terminate are not subject to judicial review. *Baum* v. *Zuckert*, 342 F.2d 145 (6th Cir. 1965); *Fass* v. *Ruegg*, 379 F.2d 216 (6th Cir. 1967).

The motion for summary judgment filed on behalf of the defendant the T.V.A. will be sustained. An order will enter dismissing this lawsuit as to the T.V.A. upon the motion for summary judgment and dismissing the lawsuit as to each individual defendant for lack of jurisdiction.