United States Court of Appeals,

Eleventh Circuit.

No. 95-6885.

George HUTCHINS, deceased, by Sharon HUTCHINS, personal representative of the estate of George Hutchins, for the wrongful death of George Hutchins, Plaintiff-Appellant,

v.

TENNESSEE VALLEY AUTHORITY, Defendant-Appellee.

Oct. 28, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (No. CV 94-U(B)-2823-NE), Sharon Lovelace Blackburn, Judge.

Before BARKETT, Circuit Judge, and DYER and HILL, Senior Circuit Judges.

PER CURIAM:

Sharon Hutchins appeals the district court's dismissal of her wrongful death action against the Tennessee Valley Authority ("TVA") for the drowning death of her husband George Hutchins, who worked as a deckhand at TVA's Widows Creek Fossil Plant on the Tennessee River in Alabama. The district court held that Hutchins's wrongful death action brought pursuant to the Jones Act, 46 U.S.C.App. § 688,[1] was barred by the exclusivity provision of the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8116(c) (1994), which provides:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person

---

[1]The Jones Act provides a cause of action against an employer for the "death of any seaman." 46 U.S.C.App. § 688(a) (1988).

otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute. However, this subsection does not apply to a master or a member of a crew of a vessel.

Despite several Supreme Court and circuit court decisions which have held that FECA is the exclusive remedy of federally employed seamen, Hutchins contends that the plain language of FECA, as well as its legislative history, indicate that Congress intended to exempt seamen such as her husband from the Act's exclusivity provision. She attempts to distinguish the two leading Supreme Court cases, *Johansen v. United States,* 343 U.S. 427, 436, 72 S.Ct. 849, 96 L.Ed. 1051 (1952) (federally employed seamen precluded by FECA from bringing suit against the United States under Public Vessels Act of 1925), and *Patterson v. United States,* 359 U.S. 495, 496, 79 S.Ct. 936, 937, 3 L.Ed.2d 971 (1959) (United States was not liable under Public Vessels Act because FECA provided exclusive remedy of federally employed seamen), on the grounds that those two suits were brought directly against the United States, which is generally protected from suits due to the doctrine of sovereign immunity. Hutchins argues that the rationale of *Johansen* and *Patterson* is inapplicable in an action against a "sue-and-be-sued" government corporation such as the TVA, for which immunity was specifically waived in the TVA Act itself.

Even if the Supreme Court precedent was inconclusive on this point, this panel is bound by the case law of this circuit which holds that FECA is the exclusive remedy of federally employed seamen. The former Fifth Circuit held in *Posey v. Tennessee Valley*

*Authority,* 93 F.2d 726 (5th Cir.1937), that the United States Employees' Compensation Act, an early version of FECA, provided the exclusive remedy available to an injured TVA employee.[2] The court held in *Johnson v. United States,* 402 F.2d 778 (5th Cir.1968), that seamen injured as federal employees of the Panama Canal Company were limited to the benefits provided by FECA, and could not maintain their suits brought in admiralty and under the Public Vessels Act. In *Flippo v. Tennessee Valley Authority,* 486 F.2d 612 (5th Cir.1973), the court again held that FECA is the exclusive remedy for an injured seaman employed by the TVA, even though it "confess[ed] a certain bewilderment as to how the plain language of the 1949 amendment to FECA cuts off substantial rights recognized under the maritime law vis-a-vis a seaman employee and a governmental agency having a very relaxed sovereign immunity." *Flippo,* 486 F.2d 612 (footnote and citations omitted).

Counsel urges us to reverse on the basis of Judge Nelson's dissent in *Turner v. Tennessee Valley Authority,* 859 F.2d 412 (6th Cir.1988), which argues that the TVA ought to be held subject to suit under a plain reading of the Jones Act. However, whether there is merit to Hutchins's argument that the court reject its prior case law and adopt the dissenting view in *Turner* is a matter that only the *en banc* court can entertain. Our decision in this case is controlled by prior case law which compels the conclusion that Hutchins's recovery is limited to benefits provided under

---

[2]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981, unless modified or overruled by this court sitting en banc.

FECA, and that the district court properly dismissed her Jones Act wrongful death claim against the TVA.

AFFIRMED.